Swanton v. Ost.

---

## Richard Swanton v. Henry Ost et al.

74 281
94 1389
94 1392

1. REWARDS—*For the Arrest of Criminals.*—A person who procures the arrest of a party for whom a reward is offered is entitled to the reward, notwithstanding the formal arrest is made by an officer upon his information.

2. CLAIMANTS—*Effect of a Recovery by One upon the Other.*—Where a sum of money is claimed by different persons. the fact that one of them sues for and recovers the amount does not affect the right of the others to sue for the same.

Assumpsit, for a reward. Tried in the Circuit Court of Lake County; the Hon. C. H. DONNELLY, Judge, presiding. Finding and judgment for plaintiff for $200. Appeal by defendant. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

WHITNEY & UPTON, attorneys for appellant.

The arrest of a person is to restrain him of his liberty by some legal authority. Rapalje's Law Dictionary, 78.

The one who offers a reward has the right to prescribe whatever terms he may see fit, and these terms must be complied with before any contract arises between him and the claimant. 21 Am. & Eng. Enc. of Law, 395.

Giving information that leads to the arrest of a criminal does not entitle one to the reward offered for his apprehension, for they are quite distinct things, though one may have been the consequence of the other. Shuey, Ex'r, v. United States, 92 U. S. 73.

A reward offered for the capture of a thief is not earned by merely giving information to the sheriff which enables him to find and arrest him. Everman v. Hyman, 3 Ind. App. 459; County of Juniata v. McDonald, 122 Pa. St. 115; Adair v. Cooper, 25 Tex. 548.

Even if it were conceded that furnishing information which led to the arrest, earned the reward, then if there were several claimants the one first complying with the terms of the offer would be the one entitled to recover the reward. 21 Am. & Eng. Enc. of Law, 399.

Even if appellees could recover the reward by giving the information they must show by a preponderance of evidence that they were the first ones to give the information. Higgins v. Lessig, 49 Ill. App. 459.

CUTTING, CASTLE & WILLIAMS, attorneys for appellees.

Where a reward was offered for the apprehension and conviction of a person, and plaintiff pointed out the prisoner to the police, requested his arrest and communicated certain facts tending to prove his guilt, although plaintiff was not used as a witness at the trial and did nothing further, he was held ¡entitled to the reward, the court instructing the jury that " the offer of a reward could not be taken literally " and that " he (plaintiff) might be entitled to it by giving information which should lead to and produce the arrest and conviction of the offender; that is, by giving such information to the city government or to

some officer authorized to act for them in making the arrest and prosecuting the offender to conviction upon the information so given." Crawshaw v. City of Roxbury, 7 Gray, 374.

A reward was offered for the "recovery" of stolen money. The person who pointed out to the police the trunk in which the money was concealed, although he never touched it, was held to be entitled to the reward. President, etc., of City Bank v. Bangs, 2 Edw. Chy. 95.

Defendants offered a reward for "the detection of the thieves and the recovery of the property." Plaintiff gave information as to where the property was and defendants obtained it. The defendants, by keeping watch till it was inquired for, detected and convicted the thief. It was held to be a substantial compliance with the conditions and plaintiff recovered the reward. Besse v. Dyer et al., 9 Allen, 152, 85 Am. Dec. 747.

Mr. Justice Dibell delivered the opinion of the Court.

Appellant offered a reward by causing to be printed and circulated throughout Lake county, postal cards, which, under the heading "$200 Reward," said, "The above reward will be paid for the arrest of Charles Johnson, who is wanted for an assault with intent to commit murder." Then followed a minute description of the man and of some distinguishing marks he bore, and the postal ended thus: "Information may be sent to Chief of Police, Lake Forest, Ill." Appellees claimed the reward and sued appellant therefor before a justice of the peace, who rendered judgment in their favor for $200. Appellant appealed to the Circuit Court, where the cause was tried without a jury, and appellees again recovered judgment for $200, and a reversal of the latter judgment is now sought.

It is urged appellees did not arrest Johnson and therefore did not bring themselves within the terms of the offer. Appellees live at Diamond Lake in said county. One of them having learned of the offer saw a man working for a neighbor whose description tallied with the description

given of the man wanted. He watched the man for a couple of days, and then wrote a telegram addressed to said chief of police, reading as follows: "We have Charles Johnson, who tallies with your description." Fearing the man might escape while he was gone to send the telegram he called to his assistance the other appellees, and from that time on, till Johnson was taken away, at least one of appellees was constantly where he could keep watch of the man and know if he made any attempt to go away. They did not put handcuffs upon him nor tell him he was arrested, but without his knowledge they kept guard over the two highways leading from the place where he was at work so as to be able to know of any attempt to escape. One of the appellees went to a telegraph office and sent the telegram. After waiting some time for the chief to come to Lake Forest they began to fear the man might attempt to leave before that officer came. Two of them then started to get another officer. They went to three places without success, but at the fourth got a constable and started with him toward where the man was. The chief of police of Lake Forest overtook them, and the two officers had a race for the place, and the chief first reached the barn where the man was at work. One of the appellees pointed out Johnson to the chief, who had put his revolver in the face of another man whom he had selected as the party to be arrested. The chief of police put handcuffs on the man and took him away. He proved to be the man wanted. About two hours before the chief received the telegram he heard a report that the man was at Diamond Lake, but did not act upon that information. He acted as soon as he received the telegram. The chief sued Swanton for the reward before a justice of the peace and got judgment, and Swanton did not appeal.

The postal card called for information and the appellees furnished the information which led to the arrest of the required party. If that were all they did, we are of opinion they would be entitled to the reward. Crawshaw v. Roxbury, 7 Gray, 374; President, etc., of City Bank v. Bangs, 2

Edw. Ch. 95; First Natl. Bank v. Hart, 55 Ill. 62. But their guarding the man to prevent his escape was practically an arrest within the meaning and purpose of the offer, and the parties keeping surveillance over the person wanted are not prevented from claiming the reward because afterward an officer made a formal arrest. Witty v. Southern Pacific Co., 76 Fed. Rep. 217. But again, appellees sent for the officer who made the arrest; he came by their procurement, and the arrest he made was therefore their act. They procured the arrest of the party and are in the same position as if they had made the arrest with their own hands.

Complaint is made of the admission in evidence of conversations of appellees with each other, wherein they gave each other directions and divided the work to be done. This was competent. The court allowed witnesses to state what the chief said as to the reward there would be for appellees. It is clear the chief was acting for Swanton in issuing and circulating the postal cards, and we are not prepared to say the statement of the officer to appellees was incompetent. But if it was, the fact of the offer of the reward was otherwise proved and no harm was done appellant, especially as there was no jury. Appellees did not see the postal card till after the arrest, but they had heard of the offer and acted under it, and were therefore entitled to its benefits.

That appellant did not appeal from a judgment rendered against him by another justice of the peace in behalf of the chief for the same reward is his own matter, and does not concern nor affect appellees, who were not responsible either for that judgment against him, or for his failure to appeal therefrom. The judgment is affirmed.